Aecha SIEPIERSKI, Plaintiff–Appellant,

v.

CATHOLIC HEALTH INITIATIVE MOUNTAIN REGION, a Colorado nonprofit corporation, d/b/a Penrose Hospital and d/b/a Penrose–St. Francis Health Services, and Centura Health Corporation, a Colorado non-profit corporation, Defendants–Appellees.

No. 00CA1218.

Colorado Court of Appeals, Div. III.

Nov. 8, 2001.

Beck and Cassinis, P.C., Howard J. Beck, Libby J. West, Aurora, CO, for Plaintiff–Appellant.

Pryor, Johnson, Montoya, Carney & Karr, P.C., Matthew R. Groves, Englewood, CO, for Defendants–Appellees.

Collie Norman, P.C., Collie Norman, Greenwood Village, CO, for Defendants–Appellees (On the Briefs).

Opinion by Judge NIETO.

Plaintiff, Aecha Siepierski, appeals the judgment dismissing her claims against defendant, Catholic Health Initiatives Mountain Region. We reverse and remand with directions.

This action arises from injuries plaintiff allegedly suffered when she was forcibly taken into custody and involuntarily committed for psychiatric treatment pursuant to § 27–10–105, C.R.S.2001. This incident occurred after an angry confrontation between plaintiff and personnel at defendant's hospital following her complaints about the care her husband had been receiving at the hospital.

Plaintiff alleged that in the process of taking her into custody, security personnel beat her, leaving visible bruises and abrasions on her body. She asserted claims for assault and battery; false imprisonment; outrageous conduct; intentional infliction of emotional distress; negligent infliction of emotional dis-

tress; negligence; negligence *per se;* negligent hiring, supervision, training, recruitment, and retention; premises liability; and breach of fiduciary duty.

Defendant moved for summary judgment, asserting that plaintiff had not endorsed any expert witnesses in support of her claims. Defendant argued that without expert testimony, plaintiff was unable to establish the applicable standard of care.

In response, plaintiff argued that expert testimony was not required to show that defendant's security personnel had used excessive force in restraining her. Additionally, plaintiff argued that she was not placed on a psychiatric hold until after she was beaten.

Relying on *Tracz v. Charter Centennial Peaks Behavioral Health Systems, Inc.,* 9 P.3d 1168 (Colo.App.2000), which also involved a psychiatric hold pursuant to § 27–10–105, the trial court determined that plaintiff was required to present expert testimony to establish her claims. Because plaintiff had not endorsed any expert witnesses, the court concluded that she could not establish her claims and granted defendant's motion for summary judgment.

On appeal, plaintiff contends that the trial court erred in dismissing her action because she is not required to present expert testimony on each of her claims for relief. Plaintiff argues that the primary issue is whether defendant's security personnel used excessive force in taking her into custody and that *Tracz* is inapplicable because her claims stem from the assault and battery, not from her confinement on a psychiatric hold. Under the circumstances presented here, we agree.

Summary judgment is proper only when the pleadings, affidavits, depositions, or admissions establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Cung La v. State Farm Automobile Insurance Co.,* 830 P.2d 1007, 1009 (Colo. 1992).

■ When a party moves for summary judgment on an issue upon which the party would not bear the burden of persuasion at trial, the moving party's initial burden of production may be satisfied by showing an absence of evidence in the record to support the nonmoving party's case. The burden then shifts to the nonmoving party to establish a triable issue of fact, and failure to meet that burden will result in summary judgment in favor of the moving party. *Casey v. Christie Lodge Owners Ass'n,* 923 P.2d 365, 366 (Colo.App.1996).

■ The nonmoving party is entitled to the benefit of all favorable inferences that may reasonably be drawn from the undisputed facts, and all doubts must be resolved against the moving party. *Mancuso v. United Bank of Pueblo,* 818 P.2d 732, 736 (Colo. 1991). Even if it is extremely doubtful that a genuine issue of fact exists, summary judgment is not appropriate. *Abrahamsen v. Mountain States Telephone & Telegraph Co.,* 177 Colo. 422, 428, 494 P.2d 1287, 1290 (1972).

■ Generally, expert testimony is necessary to prevail on a claim of professional negligence against a physician or other trained medical professional. However, expert testimony is not required if the alleged negligence concerns subject matters within the common knowledge or experience of an ordinary person. *Melville v. Southward,* 791 P.2d 383, 387 (Colo.1990); *Tracz, supra.*

Section 27–10–105 provides an emergency procedure that permits a person to be taken into custody if he or she appears to be mentally ill and is an imminent danger to others or to himself or herself. Section 27–10–105(1)(a), C.R.S.2001, specifically authorizes an "intervening professional" to take a mentally ill person into custody or cause such person to be taken into custody "with such assistance as may be required." The person may be taken into custody by others at the direction of an "intervening professional" and placed in an approved treatment facility. Persons who assist at the direction of the "intervening professional" have no duty to make an independent determination that probable cause exists to institute the emergency procedure. *See Tracz, supra.*

In *Tracz, supra,* a division of this court held that the plaintiff was required to present expert testimony in order to establish a

professional negligence claim. There, the claim was predicated upon the failure of the defendant's employees to examine the plaintiff personally prior to the initiation of an involuntary hold under § 27–10–105. In particular, the plaintiff's claim was based on the conduct of the director of nursing for the facility, who had completed the paperwork for the hold, and the psychiatrist, who had authorized the hold.

The division in *Tracz* noted that matters relating to medical diagnosis and treatment generally involve a level of technical knowledge and skill beyond the reach of lay knowledge and experience. Accordingly, the division held that the procedure authorized by § 27–10–105 implies the exercise of judgment and discretion on the part of the professional instituting the procedure. Therefore, the division upheld the dismissal of the plaintiff's professional negligence claim on the basis that the plaintiff was required to present expert medical testimony. However, as to the other claims brought by the plaintiff, including claims for false imprisonment, outrageous conduct, and assault and battery, the division based its dismissal on grounds other than the plaintiff's failure to present expert testimony.

■ Here, at some point during the incident, plaintiff was confined pursuant to § 27–10–105. However, defendant's submissions in support of its motion for summary judgment failed to establish who authorized plaintiff to be forcibly restrained, whether such person was an "intervening professional" as defined in § 27–10–105(1)(a), and when in the course of the incident the decision to restrain plaintiff was made. Accordingly, summary judgment based on defenses that arise under § 27–10–105 was not appropriate.

■ Plaintiff did not bring a professional negligence claim based on her confinement pursuant to § 27–10–105. Rather, all of plaintiff's claims are based on the allegation that she had been severely beaten by the hospital security personnel when she was forcibly taken into custody. Therefore, de-

fendant's and the trial court's reliance on *Tracz* as grounds for dismissing these claims is misplaced.

Accordingly, we conclude that plaintiff was not required to present expert testimony to establish a prima facie case under the circumstances presented here. She alleged that defendant's employees had used excessive force in restraining her, and she supported those allegations with photographs showing bruises on various parts of her body. The fact that the alleged assault and battery occurred in a hospital setting does not take the issue outside the lay competence of a juror.

■ Finally, we note that defendant did not demonstrate that there was an absence of evidence in the record to support plaintiff's case. Defendant did not present any evidence, expert or otherwise, that the conduct of its employees in restraining plaintiff did not constitute an assault and battery. Absent such evidence, the burden did not shift to plaintiff to establish a triable issue of fact. *See Casey v. Christie Lodge Owners Ass'n, supra.* Given the unresolved issue regarding whether the force used to restrain plaintiff was excessive, there is a triable issue of fact.

Therefore, because plaintiff did not assert a claim for professional negligence, we conclude that the trial court read the *Tracz* case too broadly in determining that expert testimony was required. Accordingly, we further conclude that the trial court erred in dismissing plaintiff's claims solely on that basis.

The judgment is reversed, and the case is remanded with directions to reinstate plaintiff's complaint.

Judge JONES and Judge STERNBERG * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.