821 So.2d 1244 (2002)
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Appellant,
v.
Judith SESTILE and Julie Barrett, Appellees.
No. 2D01-1853.
District Court of Appeal of Florida, Second District.
July 31, 2002.
*1245 John W. Weihmuller and Anthony J. Russo of Butler Burnette Pappas, Tampa, for Appellant.
Alan F. Wagner of Wagner, Vaughan & McLaughlin, P.A., Tampa, and Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for Appellees.
NORTHCUTT, Judge.
Judith Sestile and Julie Barrett are insureds under State Farm automobile insurance policies providing personal injury protection and medical payments insurance. Their policies require State Farm to pay "80% of the reasonable charges incurred for necessary" medical procedures because of "an accident resulting from the ownership, maintenance or use of a motor vehicle." See also § 627.736(1)(a), Fla. Stat. (1995) (requiring PIP carriers to pay "reasonable expenses for necessary medical... services" within thirty days of being furnished with written notice of a covered loss and the amount of the loss). Sestile and Barrett filed a declaratory action asking the circuit court to find that State Farm's use of a computer-generated database to determine the reasonableness of medical bills violated section 627.736 and the insurance contract. The court ruled that State Farm could not decline to pay less than the full amount of a healthcare provider's bill based solely on the computer database, but could consider the database together with other appropriate facts. In so ruling, it determined that relying solely on the database would violate section 627.736 and the insurance contract. For the reasons explained below, we reverse the declaratory judgment.[1]
As noted, both section 627.736 and State Farm's policy use the terms "reasonable" expenses or charges for "necessary" medical services. Yet neither the policy nor the statute declares how an insurer is to make this determination.[2] When not *1246 specifically defined, common words such as "reasonable" should be construed in their ordinary sense. Citizens of Fla. v. Pub. Serv. Comm'n, 425 So.2d 534 (Fla.1982). Indeed, in Derius v. Allstate Indemnity Co., 723 So.2d 271 (Fla. 4th DCA 1998), the district court considered the issue of whether the trial court should define the term "necessary" in section 627.726 for the jury. As the Fourth District noted:
The legislature is capable of defining "medically necessary" or "palliative care" where it chooses to do so. By opting not to define the phrase "necessary medical ... services" with precision, the legislature has created a litigation model that vests great discretion in the fact finder, with the potential that different judges and juries will arrive at different results on almost identical facts.
723 So.2d at 274 (citation omitted).
So it is in this case. If the legislature has chosen not to define the term "reasonable," it is not a court's function to determine, across the board, that an insurer's internal method of gauging reasonableness does or does not comply with the statute. The fact-finder must construe the word "reasonable" and determine whether the insurance company's evaluation of medical bills fits the definition on a case-by-case basis.
Our decision is consistent with the nature of PIP litigation. If an insurer refuses to pay medical expenses that an insured believes are reasonable, the insured may sue, but he or she bears the burden of establishing that the charges are, in fact, reasonable. See Auto Owners Ins. Co. v. Marzulli, 788 So.2d 1031, 1034 (Fla. 2d DCA 2001) (agreeing with Derius, 723 So.2d at 272). In some cases, a computer database may accurately assess the reasonableness of a medical provider's bill; in other cases, it may be far from the mark. But this is the insured's burden to prove. Presumably, insurance companies will be deterred from making inaccurate assessments of reasonableness by the penalty they face if they lose in courtpayment of their policyholders' legal fees. See § 627.736(8), .428.
Reversed.
FULMER and KELLY, JJ., Concur.
NOTES
[1] State Farm raised a second issue in this appeal, arguing that if the circuit court's judgment could be read to require it to disclose the data and methodology underlying its determination of reasonableness, that decision was error. Sestile and Barrett admit that they did not seek this relief and that the judgment does not grant it. Therefore, we need not address this issue.
[2] Because the terms of the policy are basically identical to section 627.736, Florida Statutes (1995), we will confine our discussion to whether use of the computer database violates the statute.