**Jose MEDINA, Plaintiff–Appellant,**

v.

**CONSECO ANNUITY ASSURANCE COMPANY, Conseco Life Insurance Company, Bankers National Insurance Company, and Bankers Life and Casualty Company, Defendants–Appellees.**

No. 04CA0164.

Colorado Court of Appeals, Div. III.

Aug. 25, 2005.

§ 24–51–1105, C.R.S.2004.

Bloom, Murr & Accomazzo, P.C., James E. Gigax, Denver, Colorado, for Plaintiff–Appellant.

Holland & Hart, LLP, Todd W. Miller, Parker W. Dragovich, Greenwood Village, Colorado; Dewey Ballantine, LLP, Adam J. Kaiser, New York, New York, for Defendants–Appellees.

TAUBMAN, J.

In this class action involving claims for breach of contract and declaratory judgment against defendants, Conseco Annuity Assurance Company, Conseco Life Insurance Company, Bankers National Insurance Company, and Bankers Life and Casualty Company, (Conseco), plaintiff, Jose Medina, appeals the trial court's order denying class certification. We affirm.

## I. Background

In 1979, Medina purchased a disability insurance policy from Vulcan Life Insurance Company (now defendant, Conseco Annuity). At the time the policy was issued, the premium, if paid annually, was $233. However, Medina chose to pay his premium monthly, and therefore, Conseco required that he pay $237.72 for the first year.

The monthly premium was set forth in the policy as follows: "Premium $19.81 payable as of the effective date of policy and thereafter monthly." The policy also listed the "total annual premium" as $233.

Medina has maintained his policy with Conseco. Although the amount of the premium has changed, it continues to be less expensive to pay the premium on an annual basis rather than monthly.

In his complaint, Medina asserted claims for breach of contract and declaratory judgment. Medina alleged that Conseco had breached the terms of the policy by collecting monthly premiums in excess of the stated annual premium.

In Medina's motion for certification of a nationwide class, he described the class as follows:

All individuals or other persons who purchased individual disability policies, and/or

traditional life insurance policies, and Medicare supplement policies, while residing in the United States, from Conseco Annuity Assurance Company, Conseco Life Insurance Company, Bankers Life and Casualty Insurance Company, and Bankers National Life Insurance Company, or any predecessor of any of those companies, who paid the premiums on said policies in installments rather than annually, within the applicable limitations period.

After an evidentiary class certification hearing, the trial court determined that the case dealt with "a myriad of different insurance policies and provisions regarding premium payments" and that there were "three-thousand policy forms stem[ming] from seven different types of insurance contracts." The court found that because of the large number of policies, it was likely that there would be a similar number of insurance agents, and a similar number of premium increase modifications. Ultimately, the court determined that certification was not warranted under C.R.C.P. 23(a) and (b)(3), finding that even though "there may be common legal issues within the proposed class members, highly individualized factual questions predominate." The court concluded that certifying the class would necessitate a case-by-case inquiry into each class member's contract to determine whether a claim was warranted.

## II. Class Certification

■ Medina contends that the trial court erred in denying his motion for class certification because the court based its decision on Conseco's assertion that there were 3,000 different policies and there was no evidence presented to support that assertion. We conclude there was no reversible error.

Medina appealed the trial court's denial of class certification. *See Toothman v. Freeborn & Peters*, 80 P.3d 804 (Colo.App.2002). *See also Levine v. Empire Sav. & Loan Ass'n*, 192 Colo. 188, 557 P.2d 386 (1976); *Levine v. Empire Sav. & Loan Ass'n*, 189 Colo. 64, 536 P.2d 1134 (1975); *cf.* § 13–20–901, C.R.S.2004, and C.R.C.P. 23(f).

■ Whether to certify a class action lies within the discretion of the trial court and its decision will not be disturbed absent an abuse of that discretion. An abuse of discretion occurs where the trial court's decision is manifestly arbitrary, unreasonable, or unfair, or when the trial court applies incorrect legal standards. *Clark v. Farmers Ins. Exch.*, 117 P.3d 26 (Colo.App.2004). The trial court acts arbitrarily when it relies on factual assertions that are not supported by the record. *Phillips Petroleum Co. v. Bowden*, 108 S.W.3d 385 (Tex.Ct.App.2003).

■ Certification of a class action is governed by C.R.C.P. 23, and the plaintiff has the burden of proving compliance with that rule. *Ammons v. Am. Family Mut. Ins. Co.*, 897 P.2d 860 (Colo.App.1995).

C.R.C.P. 23(a) provides:

One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) The class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

If the requirements of C.R.C.P. 23(a) are satisfied, the class action may be maintained only if it also meets one of the subsections of C.R.C.P. 23(b). Here, the relevant subsection is C.R.C.P. 23(b)(3), which requires that, "The court find[ ] that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

We affirm the trial court's decision denying class certification based upon its conclusion that common issues of law and fact did not predominate and that a class action was not the superior method of litigation.

Because we conclude that Medina did not satisfy the requirements of C.R.C.P. 23(b), we need not address the requirements of C.R.C.P. 23(a). *See Chin v. Chrysler Corp.*,

182 F.R.D. 448, 453 (D.N.J.1998) ("Because the Court concludes that class certification is not appropriate under Rule 23(b)(3), the Court need not address and does not reach the question whether Plaintiffs have satisfied the threshold Rule 23(a).").

■ Initially, we note that federal cases under F.R.C.P. 23 are persuasive because C.R.C.P. 23 is virtually identical to the federal rule. *Goebel v. Colo. Dep't of Insts.*, 764 P.2d 785 (Colo.1988).

■ The focus for the trial court is whether the proof at trial will be predominantly common to the class or primarily individualized. *In re Polypropylene Carpet Antitrust Litig.*, 996 F.Supp. 18, 22 (N.D.Ga.1997)(to satisfy the requirements of predominance, the "[p]laintiffs must show they plan to use common evidence ... without resorting to lengthy individualized examination").

■ In considering the issue of predominance or superiority, whether a case should be certified is a fact-driven, pragmatic inquiry guided by the objective of judicial efficiency and the need to provide a forum for the vindication of dispersed losses. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

■ A court must not delve into the merits of the case when determining whether to grant or deny class certification. The court's obligation is to determine whether the requirements of C.R.C.P. 23 have been met. However, in making this determination, it is often necessary to consider the substantive claims and defenses of the parties and the essential elements of those claims and defenses. *See Klay v. Humana, Inc.*, 382 F.3d 1241 (11th Cir.2004); *Joseph v. Gen. Motors Corp.*, 109 F.R.D. 635 (D.Colo.1986). Many courts consider whether a common nucleus of operative fact exists. *See, e.g., Joseph v. Gen. Motors Corp., supra*, 109 F.R.D. at 640.

Further, determining whether to certify a class often requires more than a review of the pleadings. Therefore, it is better practice to hold an evidentiary hearing upon the issue of certification when there are factual disputes relating to class certification. *Le-*

*vine v. Empire Sav. & Loan Ass'n*, 197 Colo. 293, 592 P.2d 410 (1979).

Initially, we agree with Medina's contention that the trial court abused its discretion in concluding that there were 3,000 policy forms, an assertion by defense counsel that is not supported by the record. Nevertheless, we conclude that because of the existence of seven policy types with different language, individual issues predominate over common issues of law and fact, and that a class action is not the superior method for resolving plaintiff's claim.

At the class certification hearing, the court considered examples of seven different types of policies and two different forms of policy increases that were issued by Conseco. The language in the different policy types included in part:

- The Type I Policy stated "initial annual premium" and "premiums at issue" and then listed the amount of the premiums if paid quarterly, semi-annually, or annually.

- The Type II Policy stated "annual premium," "total insured annual premium," and "total premium (as of date of issue)," and then listed the amount of the premiums if paid quarterly, semi-annually, or annually.

- The Type III Policy listed the "modal factors" for the premium and the amount of each premium if it was paid annually, semi-annually, quarterly, or monthly. The policy also stated that "[p]remiums paid other than annually are determined by multiplying the total annual premium by the factors shown above."

- The Type IV Policy only stated the "total monthly premium" because that was the method of payment which the insured had chosen. The policy also stated that "[i]f the premiums are not paid by monthly payroll deduction, the premium for the appropriate Face Amount should be multiplied by one if paid monthly, by three if paid quarterly, by six if paid semi-annually, or by twelve if paid annually."

- The Type V Policy stated "total monthly premium," "total premium," and "total premium at issue," and then listed the

amount of the premium if paid quarterly, semi-annually, or annually.

- The Type VI Policy stated "annual premium," "total insured annual premium," and "total premium (as of date of issue)," and listed the amount of the premium if paid quarterly, semi-annually, or annually. The policy also stated that the insured understood that if he or she paid the "balance of an annual premium, [he or she would] save 9.1% compared to monthly payments."

- The Type VII Policy stated, for example, "if you pay $315.38, you save $43.54, $163.42, you save $16.04, $83.80, you save $5.93." The policy also stated "save money, postage and time by paying the highest amount shown." It then listed the amount of the premium if paid monthly, quarterly, semi-annually, or annually.

Because of the different language in the policies, common issues of fact do not predominate. The trial court would have had to consider the different language in at least seven types of policies. Additionally, some, perhaps many, putative class members, would have different language in policy renewals (as was the case with Medina), thus adding individualized factual determinations. *See Klay v. Humana, Inc., supra,* 382 F.3d at 1263 (common issues of fact do not predominate for breach of contract claim where defendants "utilized many different form contracts"). *Cf. Kleiner v. First Nat'l Bank,* 97 F.R.D. 683, 692 (N.D.Ga.1983)("claims arising from interpretations of a single form contract appear to present the classic case for treatment as a class action").

We also conclude that each type of policy must be interpreted separately and that the pertinent provisions of each policy type could be interpreted differently by objective reasonable persons. *See Crum v. April Corp.,* 62 P.3d 1039 (Colo.App.2002)(contracts generally interpreted using standard of objective, reasonable person); *see also Bowers v. Jefferson Pilot Fin. Ins. Co.,* 219 F.R.D. 578 (E.D.Mich.2004)(competing interpretations of specific contract language warrant denial of class certification). This conclusion supports the trial court's finding that neither common

issues of law nor common issue of fact predominated due to the potential for different analyses.

Thus, it is clear that a class action is not the superior method of resolution under the circumstances presented. The trial court noted in its order that questions such as those presented here "may be somewhat more manageable if smaller classes were designated." However, Medina did not make any effort to reduce the scope of the class or to establish subclasses. *See* C.R.C.P. 23(c)(4)(B) (when appropriate, a class may be divided into subclasses and each subclass treated as a class); *see also* Alba Conte, Herbert B. Newberg, *Newberg on Class Actions* § 4:25 (2002)(burden is on plaintiff, not the court, to suggest certification of smaller class or creation of subclasses).

Recently, the New Mexico Court of Appeals has addressed class certification issues in two cases involving similar claims against insurers. *See Berry v. Fed. Kemper Life Assurance Co.,* 136 N.M. 454, 99 P.3d 1166 (Ct.App.2004); *Enfield v. Old Line Life Ins. Co.,* 136 N.M. 398, 98 P.3d 1048 (Ct.App. 2004). We find these cases instructive, but conclude that Medina's reliance on them is misplaced because they are factually distinguishable.

In *Berry,* the court affirmed the trial court's certification of a nationwide class on a breach of contract claim by insureds against the insurance company based on the company's modal premium scheme. The plaintiffs' claim was essentially the same as Medina's claim, asserting that the insurance company was improperly charging premiums higher than the stated annual premium when premiums were paid more often than once a year. *Berry, supra.*

The court relied on New Mexico's equivalent of C.R.C.P. 23(b)(3), which contains language identical to the Colorado provision. The trial court determined that class certification was proper on the breach of contract claim because common questions of law and fact predominated over any questions affecting individual members of the class. In upholding the trial court's decision, the appellate court examined contract law and the

parties' litigation strategies to determine what evidence would be offered at trial. *Berry, supra.*

In *Berry,* the term life insurance policy forms were identical in all aspects pertinent to the case and, with minor variations, all the policy forms addressed the annual and modal premium structure. The only exception related to forms issued in just one state and the trial court excluded residents of that state from the class. Although most of the application forms allowed the applicant to pay the premium monthly, quarterly, semiannually, or annually, none of the forms provided the specific amount of each payment or the differences among modes, and none described the difference in yearly cost as an annual interest or percentage rate.

In addition to there only being a single contract form, deposition testimony from four different sales agents established that all the agents were uniformly trained and performed their jobs in a similar manner. *Berry, supra.*

The *Enfield* court also certified a nationwide class, but there, as in *Berry,* the term life policy forms and application forms were "essentially identical." *Enfield v. Old Line, Ins. Co., supra,* 98 P.3d at 1053.

Accordingly, the trial court here did not abuse its discretion in concluding that Medina failed to establish that the requirements of C.R.C.P. 23(b)(3) had been met, and therefore, denial of class certification was appropriate.

### III. Trial Court's Reliance on Tort Principles

Medina contends that the trial court erred by implicitly relying on the New Mexico appellate court's decision in *Azar v. Prudential Insurance Company of America,* 133 N.M. 669, 68 P.3d 909 (Ct.App.2003), and because it partially based its decision on the need to consider the testimony of numerous insurance agents. While the court's statement regarding agent testimony could be construed to indicate that the court was denying certification based on a tort claim, the court did not mention *Azar* in its order denying class certification, and therefore, we disagree

with Medina's contention that the court erroneously relied on *Azar.*

The order is affirmed.

Judge CARPARELLI and Judge PICCONE concur.