Pauline REYHER and Dr. Wallace Brucker, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, and Sloans Lake Management Corporation, d/b/a Sloans Lake Managed Care, a Colorado corporation, Defendants–Appellees.

No. 06CA0239.

Colorado Court of Appeals, Div. IV.

Sept. 20, 2007.

Law Office of John Gehlhausen, John Gehlhausen, Lamar, Colorado; The Carey Law Firm, Leif Garrison, Robert B. Carey, Colorado Springs, Colorado; Todd A. Travis, P.C., Todd A. Travis, Englewood, Colorado; Hagens Berman L.L.P., Steve W. Berman, R. Brent Walton, Seattle, Washington, for Plaintiffs–Appellants.

Mendenhall & Malouff, RLLP, H. Barton Mendenhall, II, Rocky Ford, Colorado; Faegre & Benson LLP, Michael S. McCarthy, Michael S. Freeman, Denver, Colorado, for Defendant–Appellee State Farm Mutual Automobile Insurance Company.

No Appearance for Defendant–Appellee Sloans Lake Management Corporation, d/b/a Sloans Lake Managed Care.

Opinion by Judge HAWTHORNE.

In this case under the Colorado Automobile Accident Reparations Act (No–Fault Act), plaintiffs, Pauline Reyher and Dr. Wallace Brucker, appeal the trial court's summary judgment in favor of defendant, State Farm Mutual Automobile Insurance Company, and the trial court's order striking their class action allegations. We reverse the judgment, vacate the order, and remand the case for further proceedings.

## I. Background

Reyher was insured under a no-fault insurance policy issued by State Farm. That policy was governed by § 10–4–706(1)(b) of the No–Fault Act, which at that time required State Farm to pay for its insureds "all reasonable and necessary expenses for medical ... services" related to covered automobile accidents. Ch. 303, sec. ——, § 10–4–706(1)(b), 1984, Colo. Sess. Laws 1071 (formerly codified as amended at § 10–4–706; repealed effective July 1, 2003, ch. 189, sec. ——, § 10–4–726, 2002 Colo. Sess. Laws 649).

In October 2001, Reyher was injured in an automobile accident and required medical treatment. State Farm notified her that "[t]o determine reasonable and necessary amounts, [it would] compare [her] provider's charges to a Medicode database (the database) through the Sloans Lake AIM [Auto Injury Management] program." The database contained "charges for the same or like services in the specific geographical area where the service was performed."

Dr. Brucker treated Reyher and submitted bills to State Farm for reimbursement. State Farm sent the bills to Sloans Lake, which reviewed them using the database. Sloans Lake recommended "repricing" seven of Dr. Brucker's bills based on recommendations generated by the database. State Farm repriced those bills, compensating Dr. Brucker only for the amount of expenses it deemed reasonable. In response to State Farm's repricing of one bill, Dr. Brucker wrote to State Farm stating he was the only orthopedic surgeon in his geographic location and requesting further review of the bill. State Farm still refused to pay the full

amount on the basis that this fact did not warrant full payment.

Reyher and Dr. Brucker filed suit against State Farm and Sloans Lake asserting claims for (1) declaratory judgment; (2) breach of contract; (3) violation of the No–Fault Act; (4) breach of the covenant of good faith and fair dealing; (5) willful and wanton breach of contract; (6) violation of the Colorado Consumer Protection Act, §§ 6–1–101 to –1120, C.R.S.2006; and (7) civil conspiracy. Their complaint included allegations on behalf of a class of persons similarly situated. Reyher's and Dr. Brucker's claims against Sloans Lake were subsequently settled and are not a part of this appeal.

Prior to trial, the court granted a stay so that State Farm could petition the Colorado Division of Insurance (DOI) to determine whether its use of the database violated DOI Regulation No. 5–2–8(4)(E)(2), 3 Code Colo. Regs. 702–5. That regulation makes reducing payment of bills "based upon the recommendations of a medical data processing firm or other pricing entity" a presumptive violation of the Unfair Competition–Deceptive Practices Act (UCDPA), § 10–3–1104(1)(h)(III) and (IV), C.R.S.2006, "unless the insurer reviews on an annual or more frequent basis whether the data in the vendor's database is current, accurate, and sufficient to make recommendations regarding reasonable charges for bills submitted as part of PIP claims." DOI Reg. No. 5–2–8(4)(E)(2). The DOI found that State Farm "reviewed on an annual basis or more frequently the data in the ... database and determined the data was current, accurate and sufficient to make recommendations regarding reasonableness of charges in compliance with regulation 5–2–8." It made no other findings.

State Farm then moved for summary judgment. It argued that because its use of the database complied with Regulation No. 5–2–8(4)(E)(2), Reyher and Dr. Brucker could not prevail on their claims as a matter of law. The trial court agreed and granted summary judgment in favor of State Farm. It also dismissed Reyher's and Dr. Brucker's class action allegations. This appeal followed.

## II. Summary Judgment

Reyher and Dr. Brucker contend that the trial court erred in granting summary judgment in favor of State Farm. We agree.

### A. Standard of Review

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." C.R.C.P. 56(c); *see also Keyah Grande, LLC v. Colo. Dep't of Agric.,* 159 P.3d 727, 728 (Colo.App.2006). A court must give the nonmoving party "all favorable inferences that may reasonably be drawn from the undisputed facts," and resolve all doubts against the movant. *Siepierski v. Catholic Health Initiative Mountain Region,* 37 P.3d 537, 539 (Colo.App.2001).

When the moving party demonstrates "an absence of evidence in the record to support the nonmoving party's case," then the burden shifts to the nonmoving party to demonstrate that a triable issue of material fact exists which precludes summary judgment. *Id.* at 539.

We review a trial court's decision to grant summary judgment de novo. *Keyah Grande,* 159 P.3d at 728.

### B. Analysis

As noted above, the No–Fault Act requires an insurer to pay reasonable and necessary expenses for medical services related to covered automobile accidents. Pursuant to DOI regulation, a claimant's application and a provider's itemized billing statement are usually sufficient to establish "reasonable proof of the fact and amount of the expenses." *See* DOI Reg. No. 5–2–8(4)(C)(1).

The determination of whether medical expenses and treatment are "reasonable and necessary" under the No–Fault Act presents a question of fact. *Klein v. State Farm Mut. Auto. Ins. Co.,* 948 P.2d 43, 48 (Colo.App.1997); *Blankenship v. Iowa Nat'l Mut. Ins. Co.,* 41 Colo.App. 430, 432, 588 P.2d 888, 890 (1978). Similarly, the determination

of whether an insured presented an insurer with "reasonable proof" of expenses is a question of fact. *Klein,* 948 P.2d at 48.

■ Although no Colorado case has directly addressed the issue, we agree with the court in *State Farm Mutual Automobile Insurance Co. v. Sestile,* 821 So.2d 1244 (Fla. Dist.Ct.App.2002), that "[i]n some cases, a computer database may accurately assess the reasonableness of a medical provider's bill; in other cases, it may be far from the mark." *Id.* at 1246. Consequently, whether a computer database has accurately determined the amount of an insured party's reasonable expenses also presents a question of fact. *See id.*

■ Here, a question of material fact exists with regard to whether Dr. Brucker's bills were "reasonable proof" of Reyher's expenses and whether his treatments and charges were reasonable. *See Klein,* 948 P.2d at 48. If his bills established proof of reasonable expenses otherwise recoverable under the No–Fault Act, State Farm violated the Act by refusing to pay them.

While the facts here may be undisputed, more than one inference can be drawn from them. *See ITT Specialty Risk Servs. v. Avis Rent A Car Sys., Inc.,* 985 P.2d 43, 46 (Colo. App.1998) (question of fact may be resolved as a matter of law only when the facts are undisputed and permit only one inference to be drawn from them). Reasonable jurors could infer from Dr. Brucker's bills that the charged amount was reasonable and that, by repricing the bills, State Farm thus failed to pay "all reasonable" expenses. *See Klein,* 948 P.2d at 48 ("the submission of bills in a particular case, based on the information available to the insurer, may be sufficient proof that treatment was reasonable and necessary").

We are not persuaded by State Farm's argument that Dr. Brucker's bills were unreasonable as a matter of law because, according to the database, they exceeded ninety percent of charges for similar procedures in the same geographic area. A question of fact exists as to whether the database accurately assessed the reasonableness of the bills. *See Sestile,* 821 So.2d at 1246. Based

on Dr. Brucker's letter to State Farm, reasonable jurors could infer from it that State Farm's repricing decision was invalid because there are no similar practitioners in Dr. Brucker's geographic area.

Additionally, a question of fact exists as to whether the database is the only source used by State Farm to determine whether expenses are reasonable. Plaintiffs submitted several letters from which a trier of fact could infer that State Farm relies exclusively upon the database to determine the amount of reasonable expenses. If this is the case, State Farm's conduct could potentially violate Regulation No. 5–2–8(4)(E)(2), which requires insurers to "make decisions independent of the vendor's recommendations when appropriate" and would therefore presumptively violate the No–Fault Act. DOI Reg. No. 5–2–8(4)(E)(2).

■ Even if we assume for the purposes of this review that the DOI's order was binding on the trial court as to the narrow issue it addressed, we do not agree that the order prevented Reyher and Dr. Brucker from prevailing on their claims as a matter of law. The order determined only that State Farm's use of the database complied with Regulation No. 5–2–8(4)(E)(2). At best, it means that State Farm has not presumptively violated the UCDPA. *See* DOI Reg. No. 5–2–8(4)(E).

The DOI did not determine whether State Farm compensated Reyher for all of her "reasonable" medical expenses. It also did not rule that the recommendations made by the database conclusively determined the "reasonable" amount of medical expenses in all cases, or that State Farm's reliance on those recommendations was sufficient to discharge its statutory, contractual, and common law duties. Moreover, it is not clear that the DOI could have made such determinations in the proceedings before it. *See* DOI Reg. No. 5–2–8(2) ("This regulation is not intended to define reasonable and necessary expenses as such terminology is used in the Act.").

Finally, the terms of Regulation No. 5–2–8 do not exempt insurers that use computer databases from liability for failing to pay all of an insured's reasonable expenses. While

insurers undoubtedly have broad discretion in determining the reasonable amount of medical expenses, when an insurer unilaterally denies benefits it deems to be unreasonable, it assumes the risk of suits by the insured party. *See Shulman v. State Farm Mut. Auto. Ins. Co.*, 998 P.2d 1, 4 (Colo.App. 1999). As a result, the DOI's order did not dispose of any of Reyher's or Dr. Brucker's claims as a matter of law.

Therefore, we conclude that the trial court erred in granting summary judgment in favor of State Farm on Reyher's and Dr. Brucker's claims. Accordingly, we reverse the judgment and remand the case for further proceedings.

### III. Class Certification

■ Reyher and Dr. Brucker also argue that the trial court improperly struck their class action allegations. Because the court's ruling was based primarily on its conclusion that its summary judgment rendered the class claims moot, and because we are reversing the summary judgment, we conclude that the class certification issue must also be revisited.

■ Whether the requirements of C.R.C.P. 23 are met is a "fact-driven, pragmatic inquiry," and it is "better practice to hold an evidentiary hearing" when ruling on issues of class certification. *Medina v. Conseco Annuity Assurance Co.*, 121 P.3d 345, 348 (Colo.App.2005). We therefore conclude that the class certification issue should be remanded for further proceedings consistent with the guidance offered by another division of this court in *LaBerenz v. American Family Mutual Insurance Co.*, —— P.3d ——, 2007 WL 2493690 (Colo.App. No. 06CA0276, Sept. 6, 2007).

The summary judgment is reversed, the order dismissing Reyher's and Dr. Brucker's class action allegations is vacated, and the case is remanded to the trial court for further proceedings in accordance with this opinion.

Judge VOGT and JUDGE Graham concur.