HAWKES, J.
State Farm petitions for a writ of certio-rari. As grounds, State Farm argues the circuit court, in its appellate capacity, departed from the essential requirements of law by refusing to apply the definition of “medically necessary” found in section 627.732(2), Florida Statutes. We agree and grant the writ.

Facts and Procedural History

State Farm’s insured was involved in an automobile accident, and sought treatment from Respondent, Dr. Renfroe. Dr. Renfroe performed a dynamic motion x-ray (DMX), which is “a videotaped x-ray motion picture showing the patient’s bone and soft structures in motion.” See Tran v. Hilburn, 948 P.2d 52, 57 (Colo.App.1997). Although it paid all other claimed expenses, State Farm refused payment of the DMX, alleging it did not meet the statutory definition of medically necessary, and therefore did not qualify for payment. Dr. Renfroe responded by filing suit.
At trial, the parties stipulated the definition of “medically necessary” as contained in the Florida Statutes was applicable, and agreed to a jury instruction setting forth that definition. The statute relied upon by the parties for the definition of “medically necessary,” became effective June 19, 2001.[1] The jury returned a verdict in favor of Dr. Renfroe.
State Farm appealed to the circuit court, arguing no competent, substantial evidence supported the jury’s verdict. Specifically, State Farm argued there was no testimony or evidence that the DMX evaluation was “[i]n accordance with generally accepted standards of medical practice,” which is the first element in the definition of “medically necessary.” See § 627.732(2)(a), Fla. Stat. (2001).
The circuit court sua sponte found the statutory definition of “medically necessary” agreed to by the parties was inapplicable. The court reasoned: (1) In 2001, the Legislature passed a bill (the act) amending Florida’s No-Fault Automobile Insurance Law; (2) Different sections of the act were given different effective dates; (3) Section 6 of the act amended paragraph (l)(a), of section 627.736, Florida Statutes (the personal injury protection or “PIP” statute), by inserting the word “medically” before “necessary.” This section became effective only to insurance policies issued new or renewed on or after October 1, 2001;[2] (4) Section 5 of the act amended paragraph (2) of section 627.732, by adding a definition of “medically necessary.” This section had an effective date of June 19, 2001; (5) Since the section 6 amendment resulted in the phrase “medically necessary” appearing in the statute, the court concluded the effective date of the section 5 amendment, which defined “medically *214 necessary,” should be changed to have the same effective date as section 6 of the act.
To reach this result; the court rejected the plain language of the statute. The Legislature gave the definition of “medically necessary” an effective date of June 19, 2001, and, except in some circumstances not relevant here, a court lacks the authority to change the Legislature’s choice of a statute’s effective date.

PIP Never Paid for Unnecessary Medical Treatment

Both before and after the section 6 amendment, an insured’s medical benefits from a PÍP policy would pay only for necessary medical treatment. Subsection (1)(a) refers specifically to “medical benefits” and, before the amendment, the subsection read, in relevant part, “expenses for necessary medical ... and necessary ambulance, hospital, and nursing services ...’’See § 627.736(1)(a), Fla. Stat. (2000) (emphasis added). The word “necessary ” modified the medical benefits[3] covered under the policy. Insertion of the word “medically” before “necessary” did not change the fact that the benefits provided were medical benefits, or that the medical procedure, treatment or service must have been necessary. The amendment only clarified that not all medical procedures, treatment, or services were covered under the PIP provisions of the policy.
Before the Legislature defined “medically necessary” in section 5 of the act, the fact finder was left with great discretion to determine if a claimed expense was medically necessary. See Derius v. Allstate Indem. Co., 723 So.2d 271 (Fla. 4th DCA 1998). Obviously, different fact finders could make different determinations as to what medical procedures, treatment or services were “medically necessary” based on similar facts. The courts have recognized that, if the Legislature chose to do so, they had the prerogative of defining the procedures, treatment or services that would qualify as “medically necessary,” thus eliminating the potential for inconsistent results. See State Farm Mutual Auto. Ins. Co. v. Sestile, 821 So.2d 1244, 1246 (Fla. 2nd DCA 2002) (citing Derius, 723 So.2d at 274).
In passing section 627.732(2), Florida Statutes, section 5 of the act, the Legislature chose to exercise its prerogative. Under the statute, “medically necessary” is now defined as:
a medical service or supply that a prudent physician would provide for the purpose of preventing, diagnosing, or treating an illness, injury, disease, or symptom in a manner that is:
(a) In accordance with generally accepted standards of medical practice;
(b) Clinically appropriate in terms of type, frequency, extent, site and duration; and
(c) Not primarily for the convenience of the patient, physician, or other health care provider.
§ 627.732(2), Fla. Stat. (2001). Since the effective date of the definition was June 19, 2001, and the accident triggering the treatment at issue occurred in September of 2001, the “medically necessary” definition set forth in section 627.732(2), Florida Statutes, applied.

Conclusion

In. refusing to apply the definition of medically necessary, the circuit court de *215 parted from the essential requirements of law. We GRANT the petition for writ of certiorari, QUASH the circuit court’s order, and REMAND for proceedings consistent with this opinion.
WOLF and THOMAS, JJ., concur.

. See ch. 2001-271, § 5(2)(a)-(c), at 2928, Laws of Fla.

. See ch. 2001-271, §§ 6(1)(a), and 11(2), 2929, 2948, Laws of Fla.

. See ch. 2001-271, § 6(1)(a) at 2929, which provides: "(a) Medical benefits. Eighty percent of all reasonable expenses for medically necessary medical, surgical, x-ray, dental, and rehabilitative services, including prosthetic devices, and medically necessary ambulance, hospital, and nursing services. Such benefits shall also include necessary remedial treatment ..."