ST. LOUIS PARK CHIROPRACTIC, P.A., individually and on behalf of all others similarly situated, Appellant

v.

FEDERAL INSURANCE COMPANY; Great Northern Insurance Company; Chubb National Insurance Company.

Innovative Physical Therapy, Inc., Individually and on behalf of all others similarly situated; Davis Chiropractic, P.A.; Casey Oie, D.C. d/b/a Blake Chiropractic

v.

Metlife Auto & Home; Metropolitan Property and Casualty Insurance Company

Innovative Physical Therapy, Inc.; Davis Chiropractic, P.A.; Casey Oie, D.C. d/b/a Blake Chiropractic, Appellants.

Allied Medical, P.A.; SLP Chiropractic, P.A.; North Palm Neurosurgery, P.L.; Casey Oie, D.C. d/b/a Blake Chiropractic; Todd M. Wulf, P.A.; Mar Vista Institute of Health, individually and on behalf of others similarly situated, Appellants

v.

American International Insurance Company, LLC; American International Insurance Company of Delaware; American International Insurance Company of New Jersey; American International Insurance Company of

810

California; New Hampshire Insurance Company; AIG National Insurance Company, Inc.; Granite State Insurance Company; AIG Claims Services, Inc.; AIG Marketing, Inc.

Advanced Acupuncture Clinic, Inc., d/b/a Advanced Therapy Clinic; Todd M. Wulf, P.A.; Casey Oie, D.C. d/b/a Blake Chiropractic Center; SLP Chiropractic, P.A., individually and on behalf of all others similarly situated, Appellants

v.

Allstate Insurance Company; Deerbrook Insurance Company; Encompass Insurance Company of America.

Advanced Acupuncture Clinic, Inc., d/b/a Advanced Therapy Clinic; Allied Medical, P.A.; Casey Oie, individually and on behalf of others similarly situated, d/b/a Blake Chiropractic Center, Appellants

v.

Farmers Insurance Exchange.

Casey Oie, D.C., individually and on behalf of others similarly situated, d/b/a Blake Chiropractic, Appellant

v.

Travelers Indemnity Company.

Nos. 08–3808, 08–3809, 08–3821 to 08–3824.

United States Court of Appeals, Third Circuit.

Argued June 1, 2009.

Filed July 22, 2009.

James E. Cecchi, Lindsey H. Taylor (Argued), Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, Roseland, NJ, Attorneys for St. Lous Park Chiropractic, P.A., Innovative Physical Therapy, Inc., Davis Chiropractic, P.A., Casey Oie, D.C., d/b/a Blake Chiropractic, Allied Medical, P.A., SLP Chiropractic, P.A., North Palm Neurosurgery, P.L., Casey Oie, Todd M. Wulf, P.A.; Mar Vista Institute of Health and Advanced Acupuncture Clinic, Inc., d/b/a Advanced Therapy Clinic.

Joseph A. Arnold, Cozen & O'Connor, Cherry Hill, NJ, Jacob C. Cohn (Argued), William P. Shelley, Cozen & O'Connor, Philadelphia, PA, Attorneys for Federal Ins. Co., Great Northern Ins. Co. and Chubb National Ins. Co.

DanaLynn T. Colao, David J. D'Aloia, Saiber, Newark, NJ, Jeffrey P. Lennard, Steven M. Levy (Argued), Sonnenschein, Nath & Rosenthal, Chicago, IL, Attorneys for Metlife Auto & Home and Metropolitan Property & Casualty Ins. Co., Allstate Ins. Co., Deerbrook Ins. Co. and Encompass Ins. Co. of America.

Tacy F. Flint, Robert N. Hochman (Argued), Theodore R. Scarborough, Sidley Austin, Chicago, IL, Amy S. Kline, Saul Ewing, Philadelphia, PA, Aaron S. Mandel, Loevy & Loevy, Chicago, IL, Attorneys for American International Ins. Co., LLC, American International Ins. Co. of Delaware, American International Ins. Co. of New Jersey, American International Ins. Co. of California, New Hampshire Ins. Co., AIG National Ins. Co., Inc., Granite State Ins. Co., AIG Claims Services, Inc. and AIG Marketing, Inc.

Richard H. Epstein, Sills, Cummis & Gross, One Riverfront Plaza, Newark, NJ, David L. Yohai (Argued), Weil, Gotshal & Manges, New York, NY, Attorneys for Farmers Ins. Exchange.

James S. Coons, Morison, Ansa, Holden, Assuncao & Prough, East Brunswick, NJ, Neil J. Dilloff (Argued), DLA Piper US, Baltimore, MD, Attorneys for Travelers Ins. Co.

Before: FISHER and CHAGARES, Circuit Judges, and DIAMOND,* District Judge.

## OPINION OF THE COURT

DIAMOND, District Judge.

In these six putative class actions, Appellants—who have sought reimbursements under insurance policies issued by several of the Appellee companies—charge that Appellees breached the policies by using a computer auditing system to evaluate those reimbursements. The District Court dismissed all six actions on various grounds. We conclude that Appellants have not stated a cognizable breach of contract claim and will affirm on this alternative ground.

### I.

Because we write primarily for the benefit of the Parties, we will summarize the complex history of these cases.

Appellees (Defendants below) are: (1) insurance companies that issue Personal Injury Protection ("PIP") automobile insurance policies; and (2) entities that adjust PIP claims on behalf of insurers. Appellants (Plaintiffs below) are medical providers in Minnesota, Texas, Kansas, Arkansas, Florida, and California who

---

* Honorable Paul S. Diamond, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

treated persons insured by Appellees and then, after receiving assignments from their patients, sought payment for those services from Appellees.

In each of the actions below, Appellants asked the District Court to certify a Rule 23(b)(3) class of medical providers and insureds bringing the same claim: that Appellees breached the underlying insurance contracts by using "computerized auditing system[s]" to determine the amount to be paid for each PIP claimed reimbursement. Appellants' Supp. Br. at 1; App. at 156–57, 185–86, 211–12, 237–38, 271–72, 305–06; Fed.R.Civ.P. 23(b)(3). Each auditing system includes a database compiled by a third party used to calculate the prevailing billing rates for medical services within a given area. According to Appellants, these databases are "flawed and corrupt," thus reducing or automatically applying undisclosed "cap[s]" on some reimbursements. (Appellants' Supp. Br. at 1, 4.)

The first of these actions was filed in the District of New Jersey on July 3, 2007. *St. Louis Park Chiropractic, P.A. v. Fed. Ins. Co.*, No. 08–3808 ("*Chubb* "). On September 10, 2007, the *Chubb* Defendants moved to dismiss for failure to state a claim and lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(6), (b)(1). While this Motion was pending, additional class actions were filed in the same Court against other insurers. App. at 30–31; *see Innovative Physical Therapy, Inc. v. Metlife Auto & Home*, No. 08–3809 ("*Metlife* "); *Allied Med., P.A. v. Am. Int'l Ins. Co.*, No. 08–3821 ("*AIG*"); *Advanced Acupucture Clinic, Inc. v. Allstate Ins. Co.*, No. 08–3822 ("*Allstate* "); *Advanced Acupuncture Clinic, Inc. v. Farmers Ins. Exch.*, No. 08–3823 ("*Farmers* "); *Casey Oie, D.C. v. Travelers Indem. Co.*, No. 08–3824 ("*Travelers* "). On November 16, 2007, the District Court denied the *Chubb* Defendants' Motion to Dismiss without

prejudice to their right to re-file pursuant to a coordinated briefing schedule in all six cases. (App. at 30–31.) On March 18, 2008, Defendants moved to dismiss each of the named Plaintiffs' actions on myriad grounds. In addition, the *Allstate, Metlife,* and *Chubb* Defendants moved to strike the class allegations arguing, *inter alia,* that Plaintiffs could never meet Rule 23's class certification requirements because individual issues of law and fact predominated. Fed.R.Civ.P. 23(b)(3).

On August 26, 2008, the District Court granted Defendants' Motions and dismissed all six actions. In *Allstate, Metlife,* and *Chubb,* the Court dismissed the Minnesota named Plaintiffs' breach of contract claims, ruling that under state law they were subject to mandatory arbitration. (App. at 33–36, 58–60, 95–98.) The Court dismissed the claims of certain of the named Plaintiffs in *AIG* and *Farmers* because the Defendants in those cases were not parties to the underlying insurance policies. (App. at 86, 122–23.) The Court *sua sponte* dismissed: (1) the claims of certain named Plaintiffs in *Metlife* and *AIG* because those Plaintiffs "ma[d]e no allegations against" Defendants in their Complaints; and (2) the claims of certain named Plaintiffs in *Allstate* on *forum non conveniens* grounds. (App. at 60 n. 6, 86 n. 5, 98–101.) Finally, the District Court granted summary judgment against the named Plaintiff in *Travelers* because the insured patient had entered into a settlement and release. (App. at 129–30.)

The District Court also granted Defendants' Motions to Strike the class allegations in *Chubb, Metlife,* and *Allstate.* The Court determined that Plaintiffs could not meet the requirements for a Rule 23(b)(3) class because: (1) the Minnesota named Plaintiffs were inadequate class representatives as they were required to arbitrate their claims (Fed.R.Civ.P. 23(a)(4)); (2) in-

dividual issues of law and fact predominated over common issues (Fed.R.Civ.P. 23(b)(3)); and (3) a class action was not the superior form of action (Fed.R.Civ.P. 23(b)(3)). (App. at 37–50, 60–73, 101–14.) The Defendants in *Farmers* and *Travelers* "chose[ ] to await the Court's decision [in *Allstate* ] before addressing the class allegations." (App. at 120 n. 1, 127 n. 1.) The District Court nonetheless stated that because it had decided to "deny class certification" in *Allstate,* "the issue, as it pertains to [*Travelers* and *Farmers* ], is moot." (*Id.*) The *AIG* Defendants had not moved to strike the class allegations. In its Order dismissing the named Plaintiffs' claims, however, the District Court noted that "[h]ad [the *AIG* ] Defendants made such a motion," it would have "denied class certification because Plaintiffs do not meet the requirements under Fed.R.Civ.P. 23." (App. at 80 n. 3.)

Plaintiffs timely appealed the District Court's Orders. (App. at 1–18.) With the exception of the claims against certain *Chubb* Defendants that were dismissed for lack of personal jurisdiction, Appellants challenge every ground on which the District Court dismissed the named Plaintiffs' claims and struck the class allegations. Appellees urge us to affirm both for the reasons addressed by the District Court and on additional grounds that the District Court did not reach.

During oral argument, we sought to determine whether Plaintiffs had stated a cognizable breach of contract claim below (an issue that neither the Parties nor the District Court had addressed). At our request, the Parties subsequently submitted supplemental briefs on this question.

## II.

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## III.

Appellants are unable to identify any contractual provision that: (1) prohibits Appellees from using a computerized auditing system; or (2) requires Appellees to consider—or prohibits them from considering—any particular criterion in determining whether an expense is "reasonable." Accordingly, we do not believe Appellees' use of computerized auditing systems breached the underlying insurance contracts. *See, e.g., Ware v. Rodale Press, Inc.,* 322 F.3d 218, 225 (3d Cir. 2003) ("[A] plaintiff seeking to proceed with a breach of contract action must establish (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages.") (internal quotation marks and alterations omitted); 23 Richard A. Lord, *Williston on Contracts* § 63:1 (4th ed. 2002) ("[A] breach of contract is a failure, without legal excuse, to perform any promise that forms the whole or part of a contract.").

Appellants suggest that we have not properly construed their breach of contract claim. They argue that Appellees' use of computerized auditing breached the policy provision requiring them to pay "reasonable" medical expenses. (Appellants' Supp. Br. at 2 & Ex. 1.) It is apparent, however, that the gravamen of Appellants' claim is that Appellees' use of computerized auditing *itself* violated the insurance contracts. Appellants confirm this in asking us to reverse the District Court's decision to strike their class allegations. In making that decision, the District Court construed Appellants' claim below exactly the way Appellants now ask us to construe it: that Appellees below breached the policy provision requiring

them to pay "reasonable" medical expenses. The District Court reasoned that this claim would necessarily require a determination of "reasonableness" expense by expense. Because individual factual and legal issues would thus predominate, the Court ruled that Appellants could not meet the certification requirements of Rule 23(b)(3). (*E.g.,* App. at 111.)

In challenging that determination, Appellants have argued to us that the District Court misconstrued their breach of contract claim, which is unrelated to the reasonableness of the reimbursements paid:

> Plaintiffs are not challenging individual determinations of reasonableness for the claims of individual class members because the Insurers never made any. *Rather, Plaintiffs are challenging the uniform process that the Insurers apply to all claims.*

Appellants' Br. at 22 (emphasis supplied); *see also id.* at 23 n. 8 ("The District Court was viewing Plaintiffs' claims through the wrong end of the telescope. The District Court believed that the issue was whether the amount the Insurers paid was reasonable. That is not the issue.") (citation omitted). Appellants acknowledge that Appellees did not reduce all reimbursements. (Tr. at 8, June 1, 2009.) Thus, the "uniform process that the Insurers apply to all claims" is computerized auditing.

In these circumstances, our construction of the claim below is the same as Appellants': that the use of computerized auditing itself breached the underlying contracts. As we have discussed, however, because those insurance policies do not require or bar the use of any means of expense evaluation, Appellees' use of computerized auditing did not breach the policies.

Even if we adopt Appellants' directly contradictory construction of their claim— that the use of computerized auditing breached the provision requiring Appellees to pay "reasonable" expenses—that claim remains non-cognizable. All the underlying policies, with "slight variation[s] in the[ir] language," require the payment of "reasonable" medical expenses. (Appellants' Supp. Br. at 2.) Appellants offer no authority suggesting that this provision may be construed as requiring or prohibiting a particular manner of expense review. Rather, the authority Appellants offer is inapposite, involving: (1) policies that required insurance companies to consider specific criteria when determining "reasonableness"; or (2) state law that required insurers to evaluate claims in a particular manner. *See Brooks v. Educators Mut. Life Ins. Co.,* 206 F.R.D. 96, 105 (E.D.Pa. 2002) (underlying insurance policies required the insurer to determine the "reasonable and customary charge" for medical expenses in relation to "the usual charge ... provided in the same geographical area"); *Strawn v. Farmers Ins. Co. of Or.,* 228 Or.App. 454, 209 P.3d 357, 365–66 (2009) (computerized auditing might contravene the Oregon statute that prohibits insurers from "[r]efusing to pay claims without conducting a reasonable investigation based on all available information" (quoting Or.Rev.Stat. § 746.230(1)(d))). Indeed, in the single apposite decision we have found, the court rejected a breach of contract claim identical to that advanced by Plaintiffs. *See State Farm Mut. Auto. Ins. Co. v. Sestile,* 821 So.2d 1244, 1245–46 (Fla.Dist.Ct.App.2002) (insurer's use of a "computer-generated database to determine the reasonableness of medical bills" did not violate Florida's PIP statute and did not breach the underlying insurance policy because "neither the policy nor the statute declares how an insurer is to make [a] determination [of reasonableness]").

In these circumstances, Appellees' use of computerized auditing—whether taken by

itself or as a means to reduce some reimbursements—does not violate any provision of the underlying insurance policies. Accordingly, we conclude that Appellants have failed to state a legally cognizable breach of contract claim.

Finally, Appellants protest our consideration of the cognizability issue because it was not raised by the Parties and was not considered below. Appellants ignore, however, that we may "affirm a result reached by the District Court on different reasons, as long as the record supports the judgment." *United States v. Sanchez,* 562 F.3d 275, 279 (3d Cir.2009) (quoting *Guthrie v. Lady Jane Collieries, Inc.,* 722 F.2d 1141, 1145 n. 1 (3d Cir.1983)); *see also Helvering v. Gowran,* 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224 (1937). It is apparent from the record that Appellants have failed to state a viable breach of contract claim. Accordingly, we may affirm the District Court on this alternative ground.

## IV.

For the reasons stated, we will affirm the August 26, 2008, 2008 WL 4056225, Orders of the District Court. In light of our decision, we do not address the grounds on which the District Court based its decisions or the alternative grounds raised by Appellees.